IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZACARIAS MOUSSAOUI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:20-cv-02809-M (BT) |
| | § | |
| HAIFA AL FAISAL AL SAUD, et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Zacarias Moussaoui's Rule 59 motion seeking relief from judgment. (ECF No. 11). For the reasons stated, the Court should deny Moussaoui's motion.

I.

Moussaoui filed a *pro se* complaint under 42 U.S.C. § 1983, received on September 10, 2020. Compl. (ECF No. 3). On October 5, 2020, the Court sent Moussaoui an Order and Notice of Deficiency (ECF No. 4), which informed him that his complaint did not comply with Federal Rule of Civil Procedure 8(a), he had not paid the $400 filing fee or filed a request to proceed *in forma pauperis* submitted, and his civil right pleadings were not on the appropriate form. The Court warned Moussaoui that failure to cure the deficiencies within 30 days could result in a recommendation that his complaint be dismissed.

On October 16, 2020, the Court received a letter (ECF No. 5) from Moussaoui in which he requested that the $400 filing fee be waived or for the Court to direct the Federal Bureau of Investigations (FBI) to free his money. He claimed that the District Court had "blackmail[ed]" him by making him pay the filing fee or threatening to dismiss his case. *Id.* 1. He further claimed that this was a "COVERUP OF 911 AND AN OBSTRUCTION OF 911 JUSTICE." *Id.* Moussaoui's letter concluded with the statement, "Give me my money and I will pay your damn $400." *Id.*

On October 16, 2020, the Court sent Moussaoui a Second Order and Notice of Deficiency (ECF No. 6), which informed him that that his complaint did not comply with Federal Rule of Civil Procedure 8(a), he had not paid the $400 filing fee or filed a request to proceed *in forma pauperis* submitted, and his civil rights pleadings were not on the appropriate form. The Court, again, warned Moussaoui that failure to cure the deficiencies within 30 days could result in a recommendation that his complaint be dismissed.

The Court received Moussaoui's amended complaint (ECF No. 7) on November 10, 2020. On January 20, 2021, the undersigned magistrate judge issued findings and conclusions, recommending that the Court dismiss Moussaoui's amended complaint without prejudice under Federal Rule of Civil Procedure 41(b). Moussaoui did not file any objections in the 14-day period provided for objections. On February 18, 2021, the Court accepted the magistrate judge's findings, conclusions, and recommendation and entered judgment. Ord.

(ECF No. 9); J. (ECF No. 10). Thereafter, on March 12, 2021, the Court received Moussaoui's motion seeking "reconsideration" of the Court's February 18, 2021 orders. Mot. 2 (ECF No. 11).

## II.

A motion seeking reconsideration of a prior ruling is evaluated either as (i) a motion to alter or amend a judgment under Rule 59(e), or (ii) as a motion for relief from a final judgment, order, or proceeding or under Rule 60(b). *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir. 2012). If the movant filed the motion within twenty-eight days after the entry of judgment, the Court treats the motion as though it was filed under Rule 59; and if the movant filed the motion twenty-eight days after the entry of judgment, the Court analyzes it under Rule 60(b). *Id.* Here, Moussaoui filed his motion on March 12, 2021, 22 days after the Court entered its judgment on February 18, 2021.[1] Therefore, the Court considers the motion under Rule 59. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

Under Rule 59, the court may "open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law. . . and direct the entry of a new judgment." Fed. R. Civ. P. 59(a)(2). When a court considers a Rule 59 motion, it is must recognize "the need to bring litigation to an end and the

---

[1] A prisoner's pleading is deemed filed on the date it is delivered to prison officials for mailing to the clerk of court. *Houston v. Lack*, 487 U.S. 266, 276 (1988). Here, Moussaoui's motion is not dated. However, the envelope he mailed it in is dated March 12, 2021, the same date it was received in this Court. Mot. 5 (ECF No. 11). The Court will use the March 12, 2021 date as the filing date.

need to render decisions on the basis of all the facts" must be balanced. *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994). A motion to alter or amend judgment under Rule 59(e) "serve[s] the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982)). A manifest error of law is an error "that is plain and indisputable, and that amounts to a complete disregard of the controlling law." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (internal quotation marks omitted). A court has considerable discretion in deciding whether to reopen a case under a Rule 59(e) motion. *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

### III.

As a threshold matter, Moussaoui's motion should be denied because it is an impermissible substitute for an appeal. Moussaoui now claims that he is seeking "reconsideration," but he failed to appeal this Court's order of acceptance and judgment to the Fifth Circuit Court of Appeals.

Moreover, even if Moussaoui's motion were appropriate, it should still be denied on the merits because he has failed to show that he is entitled to Rule 59 relief. Moussaoui's motion is disjointed and hard to follow. In fact, the Court is unable to discern a specific argument in support of relief under Rule 59. For example, his motion states, "STRIKE FOR CHIEF JUDGE 9/11 CIA/SAUDI ROYAL ATTACK DISMISSAL ORDER." Mot. 1 (ECF No. 11). Then, in a seemingly

unrelated statement, Moussaoui claims that he killed six Americans. *Id.* 2. He moves for the District Court to "put a stay and order the FBI to allow Sidney Powell to be [his] attorney." *Id.* Finally, without any stated basis, he argues that the District Court should reconsider its February 18, 2021 order accepting the magistrate judge's findings, conclusions, and recommendation and judgment. *Id.* In sum, Moussaoui has not shown that he is entitled to relief from this Court's judgment.

## RECOMMENDATION

The Court should DENY Moussaoui's Rule 59 motion (ECF No. 11).

**SO RECOMMENDED**.

March 30, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).